**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **DAVID ROGOZ,** | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION NO.** |
| **v.** | : | **3:11-cv-00500 (VLB)** |
| | : | |
| **CITY OF HARTFORD,** | : | |
| **CHIEF OF POLICE DARYL K. ROBERTS,** | : | |
| **DETECTIVE G. WATSON, DETECTIVE** | : | |
| **RIVERA, OFFICER GEORGE WATER,** | : | |
| **OFFICER JAMES RUTKAUSKI, OFFICER** | : | |
| **BRANDON FLORES, OFFICER STEVEN J.** | : | |
| **PILESKI, OFFICER CESAR A. BEIROS,** | : | |
| **Defendants.** | : | **February 20, 2014** |

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [Dkt. #68]

### I.    Introduction

On July 22, 2013 this Court granted summary judgment in favor of defendants on plaintiff's claims for excessive use of force and failure to intervene in contravention of the Fourth Amendment.  The plaintiff has moved for reconsideration of this decision, which the defendants oppose.

### II.    Legal Standard

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995).  "A motion for reconsideration is justified only where the defendant identifies an intervening change in controlling law, the availability of new evidence, or the need to correct

1

a clear error or prevent manifest injustice." *Ayazi v. United Fedn. of Teachers Local 2,* 487 F. App'x 680, 681 (2d Cir. 2012) (internal citation and quotation marks omitted); *Ensign Yachts, Inc. v. Arrigoni,* 3:09–CV–209 (VLB), 2010 WL 2976927 (D. Conn. July 23, 2010) (same).  A "motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader,* 70 F.3d at 257. Further, Local Rule of Civil Procedure 7(c) requires parties seeking reconsideration to "set[ ] forth concisely the matters or controlling decisions which counsel believes the court overlooked in the initial decision or order." D. Conn. Loc. Civ. R. 7(c).

III.   Discussion

The plaintiff moves for reconsideration on the grounds that the Court clearly erred in its decision, which resulted in manifest injustice to the plaintiff. First, plaintiff argues that the Court did not view the facts in the light most favorable to the plaintiff or credit all factual inferences in his favor as to Rogoz's claim for excessive use of force.  In support, Rogoz argues that a reasonable jury could have concluded that the force used was excessive because Rogoz had, after he had pulled to the side of the highway, complied with the Hartford Police officer's commands to exit his vehicle, lie on the ground, and put his hands behind his back.

The plaintiff has pointed to no law that the Court overlooked and has conveniently excluded the Court's extensive analysis of Mr. Rogoz's actions in actively and recklessly evading law enforcement after he had engaged in a drug

deal and before he finally obeyed Hartford Police's command that he pull his car to the side of the highway. Thus, Rogoz's contention that he "was not a threat to anyone" at the time he pulled his car to the side of the highway is irrelevant to the Court's qualified immunity analysis, as the Court explained in detail in its earlier decision on summary judgment. Further, the plaintiff's subjective assertion that the Court ignored the evidence that Mr. Rogoz did not know that he was being pursued by the police until he saw the police cruisers and heard the sirens as he was driving on the highway is entirely irrelevant to the Court's analysis of what a reasonable officer – in this case Detective Watson – would have concluded under the totality of the circumstances.[1] The Court addressed this issue in the July 22, 2013 decision and the plaintiff has offered no precedent that the Court did not consider. Moreover, although Rogoz argues that the Court's choice of words in describing the force used against Rogoz – that Officer Watson "quickly transferr[ed]" his weight to Rogoz's back rather than "jumped" on his back – did not take the facts in the light most favorable to Rogoz, this classification is a matter of semantics. Moreover, the velocity or degree of pressure exerted does not change the Court's qualified immunity analysis. Reconsideration of these issues is denied.

Rogoz also argues that reconsideration should be granted on his failure to intervene claim because the defendants offered unsworn statements that they did not see any force being applied to Rogoz at the scene, which is inadequate to support a motion for summary judgment. The Court, however, did not consider

---

[1] The Court notes that, as set forth in the summary judgment decision, Mr. Rogoz did not dispute most of Detective Watson's recollection of events.

these unsworn affidavits in its decision.  Rather, the Court granted summary judgment on Rogoz's failure to intervene claim based on the plaintiff's failure to present any evidence in the record that the officers on the scene had a reasonable opportunity to intervene.  In fact, as the Court noted, the only evidence in the record as to this claim was Mr. Rogoz's own deposition testimony, pursuant to which the only reasonable inference that could be drawn was that the defendant officers did not have sufficient time to intervene. Reconsideration is denied as to this claim.

Lastly, reconsideration is denied as to Rogoz's claim pursuant to Conn. Gen. Stats. §§ 7-465 and 52-557n, as reconsideration is premised on reconsideration of the federal claims in this action.

## IV.    Conclusion

As the Court did not overlook any argument or law now raised by the plaintiff, Mr. Rogoz's Motion for Reconsideration is DENIED.

IT IS SO ORDERED.


_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: February 20, 2014

4